TODD BLANCHE
Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney &
Chief, Criminal Division
THI HOANG HO (Cal. Bar No. 293978)
Assistant United States Attorney
Asset Forfeiture & Recovery Section
1100 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-0596
Facsimile: (213) 894-0141
E-mail: Thi.Ho@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SOFIA VANESSA HERRERA,<br><br>Defendant. | No. 2:25-CR-00249-MWC-2<br><br>OPPOSITION TO DEFENDANT'S *EX PARTE* REQUEST TO CONTINUE SENTENCING (DKT. 54) |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorneys Thi Hoang Ho, hereby files its Opposition to defendant Sofia Vanessa Herrera's ex parte request to continue her sentencing hearing from September 25, 2026 to November 13, 2026.

**OPPOSITION TO DEFENDANT'S *EX PARTE* APPLICATION**

**I. INTRODUCTION AND CASE BACKGROUND**

Defendant's request for a continuance of the sentencing hearing scheduled for September 25, 2026 should be denied for lack of good cause.

On April 10, 2026, defendant Sofia Vanessa Herrera ("defendant") pleaded guilty pursuant to a plea agreement to count five of the indictment charging her with wire fraud, in violation of 18 U.S.C. § 1343. See Dkt. 37 (Plea Agreement); Dkt. 42. Defendant's sentencing hearing was originally set for July 24, 2026. Accordingly, on July 10, 2026, the government filed its Sentencing Position in which it calculated a 12-level enhancement under U.S.S.G. § 2B1.1(b)(1)(G) for a loss amount exceeding $250,000, and that the two-level enhancement under U.S.S.G. § 2B1.1(b)(1)(G) applies because defendant abused her position of trust as the treasurer of a local union by defrauding the union hundreds of thousands of dollars to finance personal purchases of luxury goods and lavish trips. Dkt. 49.

On July 14, 2026, the parties stipulated to a continuance of the sentencing hearing from July 24, 2026 to September 25, 2026, to allow defendant additional time to prepare her sentencing position. Dkt. 50.

Despite the additional time, defendant has failed to file her sentencing position by the deadline set forth in the Court's Criminal Standing Order, September 11, 2026. Instead, on September 16, 2026, defendant's counsel, Robert Helfend, sent the government purported

forensic audit reports that defendant will apparently be relying on in her sentencing position, which is still forthcoming.

On September 17, 2026, Mr. Helfend requested a continuance of the sentencing hearing so that defendant can avail herself of changes to the Sentencing Guidelines that may result in a lower offense level.

**II. DEFENDANT HAS NOT ESTABLISHED GOOD CAUSE FOR THE REQUESTED CONTINUANCE**

Under Fed. R. Civ. P. 16(b)(4), a party must show good cause to modify a scheduled hearing. See Matrix Motor Co. v. Toyota Jidosha Kabushiki Kaisha, 218 F.R.D. 667, 671 (C.D. Cal. 2003). This "good cause" standard "primarily considers the diligence of the party seeking the amendment." Id. (citation omitted). A party demonstrates good cause "by showing that, even with the exercise of due diligence, he or she was unable to meet the timetable set forth in the order." Id. (citation omitted). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." Id.

Here, defendant has failed to establish good cause for the requested continuance.[1] An anticipated change in the advisory Sentencing Guidelines does not represent good cause to continue defendant's sentencing, which must be completed "without unnecessary delay." Fed. R. Crim. P. 32(b)(1).

As for defendant's argument that she should be evaluated under the same Sentencing Guidelines as her co-defendant, each defendant

[1] Unlike her co-defendant Shukimba Malik Carlis, who has also requested a second continuance of her sentencing date (Dkt. 52), defendant has not identified any reason she has been unable to meet the current court schedule.

must be evaluated individually, and sentencing within the Guidelines provides but one way to avoid sentencing disparities between similarly-situated defendants.[2] This decision is entrusted to the district court's sound discretion. However, allowing continuances of sentencing on the basis of an anticipated change in advisory guidelines inhibits a district court's ability to expeditiously impose a sentence, as parties would repeatedly seek continuances and cause delays not upon a showing of good cause, but upon learning of changes in law or the Guidelines that may be of benefit, but are yet to take effect.

Moreover, there is yet another, important reason why the sentencing should not be continued: there are victims in this case, namely, Local Chapter 2620 ("Local 2620") of the American Federation of State County and Municipal Employees ("AFSCME"), who do not agree with a further adjournment of this defendant's sentencing and who have planned to attend this hearing subject to their request to do so remotely.[3]

//

//

//

---

[2] Variances may also account for any disparities among similarly situated defendants.

[3] Pursuant to the Court's rules, which require that all requests for remote appearance must be made seven days in advance of the hearing, the government is also filing on this date an ex parte application for Local 2620/AFSCME representatives' remote appearance at defendant's sentencing hearing.

## III. CONCLUSION

For all the foregoing reasons, the government respectfully requests that this Court deny defendant's ex parte application.

Dated: September 18, 2026

Respectfully submitted,

TODD BLANCHE
Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

JENNIFER L. WAIER
Chief Assistant United States Attorney & Chief, Criminal Division

/s/
THI HOANG HO
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA